IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN L. PURSER, )
) CIVIL ACTION NO. CV605-033
Plaintiff, )
)
v. )
)
JAMES E. DONALDSON, )
Commissioner; HUGH SMITH, )
Warden, and VICTOR GUY, )
)
Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendants have filed a Motion for Summary Judgment and Plaintiff has responded. For the following reasons, Defendants' Motion for Summary Judgment should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff asserts that Defendant Guy, Engineer at GSP, Defendant Smith, Warden at GSP, and Defendant Donald, Commissioner of the Georgia Department of Corrections, were deliberately indifferent to his serious medical needs. Plaintiff alleges that Defendants have allowed him to be exposed to friable asbestos in prison dormitories at GSP. Plaintiff contends that friable asbestos exists in insulation on the pipes in hallways and in areas

AO 72A
(Rev. 8/82)

behind the ice machines in Buildings L and M where Plaintiff is housed. According to Plaintiff, continued maintenance on these areas by prison staff and tampering by inmates releases the asbestos and allows particles to travel through the ventilation system and into the dorms and cells. Plaintiff alleges that prison officials were aware of the friable asbestos but failed to take appropriate action to remove or contain the asbestos, to transfer Plaintiff to asbestos-free housing, or to give Plaintiff medical treatment. Plaintiff contends that exposure to this friable asbestos has caused scarring and calcification of his lungs.

Defendants generally allege that they were not deliberately indifferent to Plaintiff's serious medical needs. Defendants contend that the insulation material behind the ice machine is fiberglass, not asbestos. Defendants assert that, though there is asbestos present on pipe insulation, the exposure of that asbestos through maintenance work has been minimal and that airborne asbestos levels have not been dangerous in the area. Defendants also assert that the passageways in which asbestos has been found do not circulate air into the prison cells. Defendants allege that they have not been subjectively aware of any exposure to asbestos in large enough quantities to endanger human health. Additionally, Defendants Guy and Smith aver that they are protected by qualified immunity. Finally, Defendant Donald contends that he is not liable on the doctrine of respondeat superior.[1]

---

[1] Defendants also assert that they are immune to claims for money damages in their official capacities under the Eleventh Amendment and move for summary judgment on that ground. It is clear from the face of Plaintiff's First Amended Complaint that his claims against Defendants in their official capacities are for injunctive relief only (Doc. No. 19). Therefore, it is not necessary to discuss the Eleventh Amendment issue as it is clear that Plaintiff has no claim for money damages against Defendants in their official capacities.

AO 72A
(Rev. 8/82)

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable

AO 72A
(Rev. 8/82)

inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

I. **Deliberate Indifference Claim**

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), is whether the prison officials exhibit a deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974, 128 L. Ed. 2d 820 (1994). Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill, 40 F.3d at 1186. The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L. Ed. 2d 156 (1992) (quoting Estelle, 429 U.S. at 103, 97 S. Ct. at 290). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). More specifically, the Eleventh Circuit has held that forcing an inmate to remain in a dormitory where the atmosphere is "filled with friable asbestos" and refusing to transfer the inmate despite knowledge of the health risks constitutes deliberate indifference to the serious medical needs of the inmate. Powell v. Lennon, 914 F.2d 1459, 1463-64 (11th Cir. 1990) (noting that just because a plaintiff

4

requests preventative treatment in asking to be placed in an asbestos-free environment does not make the medical need not to breathe asbestos any less serious).

Plaintiff alleges that Defendants acted with deliberate indifference to his serious medical needs by failing to take any action to protect him from exposure to friable asbestos in the prison. Plaintiff contends that friable asbestos exists on pipes in the hallways of L and M Buildings at GSP and behind and above the ice machines servicing those buildings. (Doc. No. 60, pp. 2, 9). Plaintiff further contends that this friable asbestos was exposed by damage to the insulation materials from at least January 2004 until October 2005. (Doc. No. 60, p. 10). Plaintiff alleges that this friable asbestos exists in the air of the prison at dangerous levels, including asbestos that is below detectable limits. (Doc. No. 60, p. 11). Finally, Plaintiff asserts that Defendants were aware of the dangers of friable asbestos in Buildings L and M by virtue of his having filed grievances and conducted correspondence on the matter. (Doc. No. 60, pp. 11-12).

Defendants assert that there is no asbestos behind the ice machines of Buildings L and M and that a visual inspection led Defendant Guy to conclude that the insulation material in that location was fiberglass. (Defs.' Br., p. 9). Defendants further assert that there has been minimal exposure of friable asbestos from pipe insulation in the hallways of Buildings L and M and that this insulation has been in the same condition from January 2004 until October 2005. (Defs.' Br., p. 9). Defendants contend that a test conducted on certain insulation in the hallway of L and M Buildings resulted in a finding of less than 1% damage to the material. (Defs.' Br., p. 10). Defendants allege that further testing revealed that there was a minimal level of airborne asbestos in L and M Buildings. (Defs.' Br., p. 10). Defendants assert that the hallways in which asbestos was present do not circulate air into

5

the inmates' cells. (Defs.' Br., p. 11). Finally, Defendants allege that they have not been subjectively aware that inmates in L and M Buildings have been exposed to large enough quantities of airborne, friable asbestos to pose a danger to their health. (Defs.' Br., p. 11-12).

Plaintiff contends that friable asbestos in Buildings L and M has been exposed and has risen to dangerous levels in the air, causing him physical injury, and that Defendants have been deliberately indifferent to this fact. Defendants contend that friable asbestos has not been exposed or made airborne to any significantly dangerous level and that they have not been deliberately indifferent to Plaintiff's concerns. The Court must view the parties' interpretations of these events in the light most favorable to Plaintiff, the non-moving party. Accordingly, a genuine issue of material fact exists as to whether Defendants were deliberately indifferent to Plaintiff's serious medical needs. The factual dispute presented by the affidavits both parties have submitted to the Court is sufficient grounds upon which to deny Defendants' Motion.

## II. Qualified Immunity

Defendants Guy and Smith contend that Plaintiff cannot show that they had "fair warning" that the specific actions alleged by Plaintiff were unconstitutional. Defendants Guy and Smith assert that, as a result, they are entitled to the defense of qualified immunity.

The law governing whether a government official is entitled to qualified immunity is well-established in the Eleventh Circuit. Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities, so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1232 (11th Cir.

6

2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739, 122 S. Ct. 2508, 2515, 153 L. Ed. 2d 666 (2002)). A government official must first prove that he was acting within his discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). "A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1185 n. 17 (11th Cir. 1994). Once the government official has shown that he was acting within his discretionary authority, the burden shifts to the Plaintiff to show that the Defendant is not entitled to qualified immunity. The Supreme Court has established a two-part test to determine the applicability of qualified immunity. First, the court must determine whether plaintiff's allegations, taken as true, establish a constitutional violation. Hope, 536 U.S. at 736, 122 S. Ct. at 2513. If, under the plaintiff's allegations, the defendants would have violated a constitutional right, the next step is to ask whether the right was one that was clearly established under the law. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001); Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).

At all times relevant to the allegations made by Plaintiff, it was clearly established law that prison officials cannot be deliberately indifferent to the serious medical needs of inmates. It was also clearly established that forcing an inmate to remain in an area contaminated with friable asbestos constituted deliberate indifference to serious medical needs of the inmate in violation of the Eighth Amendment. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1989). Certainly Defendants Guy and Smith had fair warning of the unlawfulness of such actions in light of Powell. See Anderson v. Creighton, 483 U.S. 635,

AO 72A
(Rev. 8/82)

640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987) (holding that official action is not protected by qualified immunity where "in light of pre-existing law the unlawfulness [is] apparent"). Accordingly, Defendants Guy and Smith are not entitled to summary judgment based on qualified immunity.

### III. Respondeat Superior

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection.

Defendant Donald, Commissioner of the Georgia Department of Corrections, alleges that he was not personally aware that inmates housed in Buildings L and M at GSP were subjected to an unreasonably high level of asbestos exposure. (Defs.' Br., pp. 14-15). Defendant Donald also alleges that he did not personally participate in any investigation of the alleged asbestos exposure at GSP. (Defs.' Br., p. 15). Defendant Donald asserts that Plaintiff cannot hold him liable simply by virtue of his position as Commissioner of the Department of Corrections. (Defs.' Br., p. 15). Plaintiff alleges that he is attempting to hold

8

Defendant Donald liable for actions that he did have notice of or should have had reasonable notice of by way of communications from Plaintiff himself. (Doc. No. 60, pp. 19-20).

Defendant Donald submitted an affidavit in support of his assertion that Plaintiff seeks to hold him liable for alleged constitutional violations based solely on his supervisory positions. (Defs.' Ex. H). Plaintiff has likewise submitted an affidavit in which he asserts that he wrote to Defendant Donald to inform him of the alleged exposure to friable asbestos and to request protection from Defendant Donald. (Pl.'s Ex. A). Plaintiff also has submitted Defendants' Response to Plaintiff's Request for Admissions, in which Defendants admit that "Plaintiff's letter was received by personnel of the GDC in March 2005 and the letter was forwarded to the Investigations Department for investigation." (Pl.'s Ex. C). Plaintiff also has submitted copies of an informal grievance, a formal grievance, and an appeal of the warden's grievance response, all of which Plaintiff contends put Defendant Donald on notice of the asbestos problems in Buildings L and M at GSP. (Doc. No. 60, pp. 11-12, Pl.'s Ex. K).

The conflicting documents submitted by the parties create a genuine issue of material fact as to whether Plaintiff wishes to hold Defendant Donald liable based solely on his supervisory role. It appears that Plaintiff wishes to hold Defendant Donald liable based on actions and decisions he made himself. It also appears that Plaintiff has created a genuine issue of material fact as to whether a causal connection exists between Donald's actions or inaction and the alleged deliberate indifference to Plaintiff's serious medical needs at the prison. Accordingly, Defendant Donald is not entitled to summary judgment.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 30th day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

10