UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JOHN L. PURSER,

    Plaintiff,

v.   605CV033

JAMES E. DONALD, et. al.,

    Defendants.

## ORDER

### I. BACKGROUND

In this prison-condition, asbestos-exposure case, 42 U.S.C. § 1983 inmate-plaintiff John L. Purser convinced the Magistrate Judge (MJ) that a fact issue precludes summary judgment to defendant prison officials against whom Purser seeks injunctive and other relief over their alleged deliberate indifference in exposing him to airborne asbestos within Purser's place of incarceration (the Georgia State Prison (GSP)). Doc. # 66 (Report and Recommendation (R&R), *Purser v. Donaldson*, 2006 WL 2542932 (S.D.Ga. 8/30/06) (unpublished). The MJ concluded that Purser is entitled to a jury trial on that claim, and no qualified immunity shields the defendants from suit. *Id.*, 2006 WL 2542932 at * 3-4.

Objecting to the R&R, the defendants -- Georgia State Prison (GSP) Engineer Victor Guy, GSP Warden Hugh Smith, and Georgia Department of Corrections Commissioner James E. Donald[1] -- argue clear error and insist they are entitled to summary judgment. Doc. # 68. Purser opposes, and additionally claims that the defendants' F.R.Civ.P. 72(b) Objection is untimely. Doc. # 69 at 1-2.[2]

### II. ANALYSIS

As summarized by the MJ, Purser alleges that [d]efendants have allowed him to be exposed to friable asbestos in prison dormitories at GSP. Plaintiff contends that friable asbestos exists in insulation on the pipes in hallways and in areas behind the ice machines in Buildings L and M where [p]laintiff is housed. According to [p]laintiff, continued maintenance on these areas by prison staff and tampering by inmates releases the asbestos and allows particles to travel through the ventilation system and into the dorms and

---

[1] The caption of this case heretofore has incorrectly identified this defendant as "James E. Donaldson" when in fact his last name is "Donald." Doc. # 55 exh. H; # 56 at 5. The Court has corrected the caption above; all subsequent filings shall so conform.

[2] Ordinarily, failure to timely object

> will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir.1988).

*Cooper v. Barnhart*, 345 F.Supp.2d 1309, 1313 (S.D.Ala. 2004); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982) (en banc). Purser says the R&R was served on 8/30/06 and thus the defendants had until 9/9/06 (ten days later), though that was a Saturday, so he probably means 9/11/06. Doc. # 69 at 1-2. Defendants filed their Objections on 9/13/06. F.R.Civ.P. 6(a) excludes weekends and holidays from 10-day or less computations, so the defendants in fact had until 9/13/06 to file them.

cells. [Purser] alleges that prison officials were aware of the friable asbestos but failed to take appropriate action to remove or contain the asbestos, to transfer [him] to asbestos-free housing, or to give [p]laintiff medical treatment. Plaintiff contends that exposure to this friable asbestos has caused scarring and calcification of his lungs.

*Purser*, 2006 WL 2542932 at * 1.

Moving for summary judgment, doc. # 52, defendants argued that there is no factual foundation to Purser's claims, that he advances sheer speculation, rather than actual knowledge of asbestos exposure, and that at most he complains of medically insignificant amounts of asbestos. Doc. # 53. Defendants Guy and Smith also invoked qualified immunity, *id.* at 12-14, while Donald separately argued the lack of any legal liability (*i.e.*, respondeat superior does not apply here). *Id.* at 14-15. They renew these arguments and add a new one (that Purser can show no serious medical harm) through their F.R.Civ.P. 72(b) objections. Doc. # 68.

In that qualified immunity, if granted, moots all other claims, this Court will examine that defense first. The MJ correctly recounted the governing standards for qualified immunity:

> Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities, so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Gonzalez v. Reno*, 325 F.3d 1228, 1232 (11th Cir.2003) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515, 153 L.Ed.2d 666 (2002)). A government official must first prove that he was acting within his discretionary authority. *Id.* at 1233; *Ray v. Foltz*, 370 F.3d 1079, 1081-82 (11th Cir.2004). "A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority." *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1185 n. 17 (11th Cir.1994). Once the government official has shown that he was acting within his discretionary authority, the burden shifts to the [p]laintiff to show that the [d]efendant is not entitled to qualified immunity. The Supreme Court has established a two-part test to determine the applicability of qualified immunity. First, the court must determine whether plaintiff's allegations, taken as true, establish a constitutional violation. *Hope*, 536 U.S. at 736, 122 S.Ct. at 2513. If, under the plaintiff's allegations, the defendants would have violated a constitutional right, the next step is to ask whether the right was one that was clearly established under the law. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001); *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir.2004).

*Purser*, 2006 WL 2542932 at * 4. The law, the MJ concluded, was clearly established

> that prison officials cannot be deliberately indifferent to the serious medical needs of inmates. It was also clearly established that forcing an inmate to remain in an area contaminated with friable asbestos constituted deliberate indifference to serious medical needs of the inmate in violation of the Eighth Amendment. *Powell v. Lennon*, 914 F.2d 1459, 1463

2

(11th Cir.1989).

*Id.*; *see also LaBounty v. Coughlin*, 137 F.3d 68, 74 (2d Cir. 1998) (given known dangers of friable asbestos at time of alleged violation, reasonable person would have understood that exposing inmate to friable asbestos could violate Eighth Amendment, and thus defendant prison officials were not entitled to qualified immunity from inmate's Eighth Amendment deliberate indifference claim, alleging that inmate's continuous health problems caused by exposure to friable asbestos in air went unattended at correctional facility due to officials' failure to keep him in asbestos-free environment).

But the facts of *Powell*, these defendants argue,

> are quite different from the facts in the present case in one very obvious aspect, namely, that the plaintiff-inmate in *Powell* was forced to live in an area in which large quantities of friable asbestos had been released into the air. To the contrary, there is no scientific or reliable evidence in this case that inmate Purser was exposed to a level of friable asbestos that would pose a danger to his health. At all times relevant to the issues of this lawsuit, there was no clearly established law that prison officials could not house inmates in areas with minimal asbestos exposure, and therefore the Defendants are entitled to the defense of qualified immunity.

Doc. # 68 at 7.

Defendants advance an argument that requires the Court to consider risk/harm measured in increments. Ambient hazards come in all varieties of lethality and corresponding exposure-tolerance levels. Some are medically insignificant until a strong enough concentration is encountered.

The benchmark case in this area is *Helling v. McKinney*, 509 U.S. 25 (1993), where an inmate plaintiff's Eighth Amendment based, environmental tobacco smoke (ETS) claim (plaintiff shared a cell with a five-pack-a-day smoker) went to trial. *Id.* at 28. The *Helling* Court held that the Eighth Amendment prohibits prison officials from exhibiting deliberate indifference to *future* health problems that an inmate may suffer as a result of current prison conditions, even if the inmate "shows no serious current symptoms." *Id.* at 33. Such a plaintiff thus "states a cause of action under the Eighth Amendment by alleging that [defendants] have, with deliberate indifference, exposed him to levels of [environmental tobacco smoke (ETS)] that pose an *unreasonable* risk of *serious* damage to his future health." *Id.* at 35 (emphasis added).

This case has not gone to trial but instead has progressed only to the summary judgment stage, where the qualified immunity defense can be litigated but can founder on fact issues in need of a jury's resolution. *See, e.g., Warren v. Keane*, 196 F.3d 330, 333 (2nd Cir. 1999) (material issue of fact existed as to whether prison officials reasonably believed that they were not violating inmates' Eighth Amendment rights in permitting inmates' exposure to allegedly severe levels of ETS, precluding summary judgment for officials in inmates' § 1983 action on qualified immunity grounds).[3]

---

[3] There the district court held that allegations of exposure to high levels of ETS which aggravated plaintiffs' asthma and sinus conditions and increased the risk of more *serious* health problems were sufficient to support an Eighth Amendment claim. *Warren v. Keane*, 937 F.Supp. 301, 305 (S.D.N.Y.1996), *aff'd*, 196 F.3d 330 (2nd Cir. 1999); *accord Scott v. Hollins*, 2006 WL

3

Relevant here is a line of asbestos cases out of the Second Circuit. Applying *Helling*, those courts basically conclude that an asbestos plaintiff "must demonstrate a present injury or an increased risk of future injury based on the alleged exposure to asbestos." *Jones v. Artuz*, 2006 WL 2390267 (S.D.N.Y. 8/17/06) (unpublished) (citing *Crawford v. Artuz*, 143 F.Supp.2d 249, 259 (S.D.N.Y.2001)).

The *Crawford* court, like the MJ here, examined a deliberate indifference claim based on alleged exposure to asbestos within a prison. Upon evidence that the plaintiffs showed no indication of present injury and an extreme improbability of future injury, their claims failed. *Crawford*, 143 F.Supp.2d at 259-62; *see also Nunes v. Artuz*, No. 01 Civ. 1141, 2003 WL 22952743 at * 5-7 (S.D.N.Y. 12/12/03) (unpublished) (granting summary judgment to defendants based on a lack of genuine issues of material fact regarding both present and future injury as a result of alleged exposure to asbestos in the subject prison); *Pack v. Artuz*, 348 F.Supp.2d 63 (S.D.N.Y.2004) (granting summary judgment to defendants and dismissing claims that officials subjected plaintiffs to dangerous levels of asbestos based on lack of genuine issues of material fact regarding present or future injury).

Reviewing *Crawford*, *Nunes*, and *Pack*, the *Jones* court granted summary judgment to prison officials upon evidence that the inmate-plaintiff failed to show health-affecting exposure or the increased likelihood of same. 2006 WL 2390267 at * 5-6.

The bottom line, then, to ambient *asbestos* hazard cases, is this: Absent a clear indication of a present serious injury or an increased risk of a future serious injury (by exposure to injury-triggering levels of asbestos), an inmate's deliberate indifference claim fails. *Id.*; *see also Vann v. Donnelly*, 2005 WL 246810 at * 4 (W.D.N.Y. 2/1/05) (unpublished).

Purser, then, must point here to an "objectively substantial risk of *serious* harm." *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1029 (11th Cir. 2001) (en banc) (emphasis added). The defendants here insist the MJ erred because no evidence supports the showing Purser was required to make. They point to Purser's

> Grievance nos. 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 and 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, which the Defendants submitted with the Supplemental Notice of Filing, show that the [p]laintiff has not suffered any injury from any alleged asbestos exposure. Grievance No. 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 shows that [Purser] was seen by medical on [1/9/04], [5/4/04], [6/3/04] and [7/2/04] and at no time was any physical harm from asbestos noted. Grievance no. 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 shows that as a continual response to his allegations of

---

1994757 at * 6 (W.D.N.Y. 7/14/06) (unpublished).

In that regard, note how the "seriousness" requirement is generic to all ambient hazard claim cases. *See, e.g.*, *Shannon v. Graves*, 257 F.3d 1164, 1169 (10th Cir. 2001) (Prison inmate did not establish that sewage backups at prison were sufficiently serious so as to constitute substantial risk of serious harm, for purposes of inmate's § 1983 action alleging Eighth Amendment violations for inadequate conditions of confinement; although prison officials were aware of inadequacies of sewage system, evidence did not establish that sewage backups were of sufficient frequency and duration to present question of serious risk, and evidence tended to show that most backups were corrected by maintenance within a day or two); *Maus v. Murphy*, 29 Fed.Appx. 365, 369 (7th Cir. 2002) (Although exposing inmates to air pollution may amount to deliberate indifference, failing to provide an environment completely free from pollution or safety hazards is not actionable under the Eighth Amendment).

4

asbestos exposure, the [p]laintiff was seen at the pulmonary department at Augusta State Medical Prison. The Radiology Report of [1/11/05] reveals "calcifications secondary to old healed granulomatous disease. The chest is otherwise unremarkable." The [p]laintiff was again seen on [4/20/05] as a routine follow up for potential asbestos exposure, but the medical staff did not find any physical harm to the [p]laintiff.

Doc. # 68 at 3; *see also id.* at 4 (Purser's "grievances also show that the [he] was referred to medical once he complained in his grievances of asbestos exposure, despite the very low probability that he was exposed to a dangerous level of asbestos").[4]

Purser, in response, does not object to what arguably is a new argument,[5] but instead points to a lab "report from the pulmonary department at [a state medical prison which] found plaintiff's final diagnosis as 'asbestos exposure.' *Pulmonary Report*, pg. 4." Doc. # 69 at 4. Like the defendants have intermittently done, Purser violates S.D.GA.LOC.R. 7.1(b) ("Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion") by failing to cite *where* in the record this report is. These litigants have forgotten that "[j]udges are not like pigs, hunting for truffles buried in [the record]." *U.S. v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). The Court does not see the "Pulmonary Report" listed, for example, on Purser's "Notice of Filings" attached to his summary judgment opposition brief, doc. # 60. Attached to that Notice is, as "Ex. I," a "Georgia Department of Corrections Radiology Services Request and Report" repeating that "I/M *alleged* asbestos exposure." *Id.* (emphasis added). Later in that stack of attachments is a "Consultation Request" by "T. James, M.D," who recites

---

[4] *Compare Scott*, 2006 WL 1994757 at *6 ("Plaintiff has alleged that his respiratory and other health problems were aggravated by constant exposure to ETS over an extended period. The court notes that plaintiff has not been able to secure the services of a medical expert, and that proof of his medical condition is found in ... ambulatory health records [in the record]. The seriousness of plaintiff's medical condition is a disputed material fact precluding this court from granting summary judgment to defendants").

[5] While Fed.R.Civ.P. 72 permits the district court to consider arguments and evidence not submitted to the Magistrate Judge, absent an explanation or justification as to why such arguments or evidence were not previously submitted, the district courts typically decline to consider them upon *de novo* review of a report and recommendation. *See Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir.1998). Indeed, doing so would invite future litigants to adopt a "wait and see" approach with respect to the

> magistrate judge's decision and then, with the benefit of the magistrate judge's opinion, offer a new set of arguments for the district judge to consider.

*Mallard v. Roberts*, 2006 WL 1431570 at *1 (M.D.Ga. 5/19/06) (unpublished) (quotes, cite and alterations omitted); *accord Ivey v. Nelson*, 2006 WL 1431581 at *1(M.D.Ga. 5/19/06) (unpublished); *Sharp v. General Motors Acceptance Corp.*, 2005 WL 3455850 at *3 (N.D.Ga. 12/16/05) (unpublished). Here the defendants did not in their *summary judgment brief* argue absence-of-medical-harm damage (as independent evidence that Purser in fact has not been exposed to an actionable level of friable asbestos), but they did argue it in response to Purser's "Statement of Material Facts Filed in Response to the Defendants' Motion for Summary Judgment." Doc. # 63 at 10 ¶ 19 ("Response"). This squeaks the defendants by the *Mallard* reasoning set forth *supra*.

under "Pertinent History" Purser's *claim* of "possible asbestos exposure." *Id.*

Meanwhile, the MJ's reliance on *Powell* was misplaced. *Powell* dealt with a motion to dismiss, not the adequacy of a prisoners' proof. And in that case the EPA had actually fined the prison for asbestos violations, so dangerous levels of asbestos had been shown to exist. 914 F.2d at 1461-62. Here, in contrast, the MJ was confronted by a *summary judgment* record developed under F.R.Civ.P. 56, which required Purser to "put up or shut up" on his evidence, rather than rely on bare allegations.

Given the underdevelopment of a possibly dispositive (and analytically "cleaner") defense it makes sense for this Court to re-refer this matter back to the MJ.

### III. CONCLUSION

For docket-clearing purposes only, then, the Court **ADOPTS** the R&R and **DENIES** the defendants' summary judgment motion (doc. # 52), but **RE-REFERS** this matter back to the MJ with leave to the defendants to renew their summary judgment motion -- and this time raise *all* of their arguments -- so that the MJ may explore the alternative (no medical damages) disposition grounds discussed above. Meanwhile, the Clerk and the parties are reminded of the ministerial instruction set for *supra*, note 1.

This 26 day of September, 2006.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA